## (March 12, 1981)

■ COMMERCIAL TRADING COMPANY, INC., Respondent, v GERALD J. TUCKER, Individually and as Preliminary Executor of ARTHUR TUCKER, Deceased, Appellant, et al., Defendants. — Judgment, Supreme Court, New York County, entered December 10, 1979, modified, on the law, to deny summary judgment as against Gerald J. Tucker as preliminary executor of the estate of Arthur Tucker, deceased, and to direct an assessment with respect to interest due from Gerald J. Tucker individually, and otherwise affirmed, without costs. In this consolidated action based upon written guarantees of a note, Special Term granted summary judgment against Gerald J. Tucker as preliminary executor of the estate of Arthur Tucker, deceased, premised upon answers to interrogatories by Gerald J. Tucker, sued individually, indicating that there was a balance due and unpaid on the note. On August 18, 1977, prior to service of the interrogatories, plaintiff had served an amended verified complaint alleging that the defendants named therein, to wit, Gerald J. Tucker, Arnold M. Schosheim (Schosheim) and Lawrence M. Smirlock (Smirlock), were indebted to the plaintiff on their respective guarantees of the note. At that time there was pending a separate action entitled "Commercial Trading Company, Inc. v. Gerald J. Tucker as preliminary executor of the Estate of Arthur Tucker, deceased" to recover on an alleged guarantee of the note by Arthur Tucker, deceased. On May 4, 1979, subsequent to serving the amended complaint and prior to the order consolidating both actions, plaintiff served interrogatories, addressed to the individual defendants Gerald J. Tucker, Schosheim and Smirlock. Defendant Gerald J. Tucker, in his answer to the interrogatories addressed to him individually, admitted liability in the sum of $9,876. Solely in reliance upon that admission by Gerald J. Tucker, plaintiff moved for partial summary judgment against all defendants in the now consolidated action. The moving affidavit asserted that in effect the admission was to a liability of $11,930.17. Special Term granted partial summary judgment for the higher amount against "defendant Tucker in both his representative and individual capacities. Since plaintiff's interrogatories were specifically directed to him, his answers may not be held to bind the other defendants." Accordingly, summary judgment was denied as against the defendants Schosheim and Smirlock, although it was granted against Gerald J. Tucker in his capacity as administrator of Arthur Tucker's estate. Plainly, if Gerald J. Tucker's admission of his own liability could not "bind the other defendants", it could not bind the estate since the admission had been made by him in his individual capacity. The record is clear that Gerald J. Tucker made his admission only

in an individual capacity. The record establishes that the interrogatories, although improperly captioned to reflect a consolidation that had not yet been ordered, were actually served in the action against Gerald J. Tucker, sued individually, together with Schosheim and Smirlock. Moreover, they were, appropriately, specifically addressed to Gerald J. Tucker individually and answered by him individually. That action was not consolidated with the action brought against Gerald J. Tucker as preliminary executor of the estate of Arthur Tucker until August, 1979, months after the interrogatories were served and answered. It nowhere appears that interrogatories were served upon Gerald J. Tucker as preliminary executor of the estate of Arthur Tucker, deceased. The executor of an estate can only bind the estate by admissions made while the executor is in discharge of his functions. There is no evidence that Tucker was so acting when he made the admission here. The dissent suggests that Gerald J. Tucker's admission was that a portion of the note remains unpaid. Actually the admission was as to Gerald J. Tucker's liability for the balance. Plaintiff's moving affidavit re-·lied solely upon that admission. It may well be that the obligation of the estate of Arthur Tucker is not coincident with that of Gerald J. Tucker individually. The record is barren in this respect. There is no evidence that the estate is indebted for the balance. The dissent urges that there is an obligation to lay bare and reveal one's proof in opposing a motion for summary judgment. A fortiori is the obligation of the moving party to lay bare his proof in support of the motion. This is not a matter of legal theory. It is the need to establish a foundation for liability. The sole proof relied upon in the moving affidavit is the answers to the interrogatories served upon Gerald J. Tucker, addressed to and responded to by him individually, amounting to an admission of his obligation and not the obligation of the estate or of the other defendants. Plaintiff sought summary judgment against all of the defendants, relying solely upon Gerald J. Tucker's admission of his own liability. As noted, Special Term denied summary judgment against defendants Schosheim and Smirlock upon the ground that Tucker's individual admission could not bind them. It is noted that plaintiff has not appealed the denial of summary judgment against the other defendants. Summary judgment should have been denied as against the estate. Special Term directed that interest be computed from December 1, 1972. However, the amended verified complaint alleges, with respect to the individual defendants, that "prior to November 1975, some interest has been paid, but at less than 2% per month". In the action against Gerald J. Tucker as preliminary executor of the estate of Arthur Tucker, plaintiff claimed interest at the rate of 2% per month from January 16, 1976. There is plainly a question of fact requiring an assessment to determine the amount of interest due from Gerald J. Tucker individually. Concur — Murphy, P.J., Birns and Fein, JJ.

Lupiano and Silverman, JJ., dissent in a memorandum by Silverman, J., as follows: We would affirm the grant of summary judgment as against defendant Gerald J. Tucker in his capacity as executor of the estate of Arthur Tucker, deceased (hereinafter "the Estate"), to the same extent as the affirmance by the majority of the grant of summary judgment against defendant Gerald J. Tucker in his individual capacity. We are concerned on summary judgment with facts, not legal theories. When defendant Gerald J. Tucker admitted that a portion of the note remained unpaid, he was admitting, and indeed alleging, a fact — that a portion of the note was unpaid. If a portion of the note remains unpaid, it remains unpaid whether the defendant be Gerald J. Tucker individually or Gerald J. Tucker in his representa-

tive capacity as executor of the estate. Further, Gerald J. Tucker cannot individually admit the fact but say that in his capacity as executor he does not know the fact. Either he knows it or he does not. He is the same person and it is the same fact. In fairness we note that defendant Gerald J. Tucker did not at Special Term say, "Individually I admit this but as executor I do not know." He merely admitted. It is only an argument of legal theory made in this court that when he admitted the amount was unpaid because he failed to state whether he was admitting individually or in his representative capacity, or both, his admission was only in his individual capacity. Furthermore, it appears that the only defense urged is payment, with or without the claimed oral modification. The executor, as a party against whom a motion for summary judgment is made (on papers evidencing a prima facie case in favor of plaintiff), was obligated "to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his answer are real and are capable of being established upon a trial." *(Di Sabato v Soffes*, 9 AD2d 297, 301.) No evidence is presented by anyone to indicate, nor any suggestion made, that at least $11,126 does not remain unpaid and owing.